FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
MAR 25 2015
SEAN F. McAVOY, CLERK
DEPUTY
SPOKANE, WASHINGTON

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Tyler Tornabene
Assistant United States Attorney
Sam White
Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALAN J. ZUNKE,

Defendant.

Case No.:2:14-PO-00~~304~~246-JTR

UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, Tyler Tornabene, Assistant United States Attorney, and Sam White, Law Clerk for the United States, and Defendant Alan J. ZUNKE, and the Defendant's counsel, Meredith Esser of the Federal Defenders of Eastern Washington and Idaho, agree to the following Unsupervised Pre-Trial Diversion Agreement ("Agreement").

The Defendant is before the Court currently charged by Notice of Violation (Violation No. 4439177) for Operating a Vehicle without a Valid Operator's License, in violation of Title 18 United States Code § 13 and Revised Code of Washington § 46.20.015.

The United States and the Defendant agree that this case shall be continued until March 24, 2016, and thereafter dismissed, without prejudice upon motion by the Defendant, provided the Defendant abides by all the conditions and requirements herein outlined. If the Defendant completes all of the Conditions of Unsupervised Pre-Trial Diversion, as outlined below, and does not violate this agreement during its term, the United States will not oppose the Defendant's motion for dismissal with prejudice so long as that motion is made after September 24, 2016.

## FACTUAL BACKGROUND

The United States and the Defendant agree that the following facts are truthful and accurate and form a sufficient basis for a finding of guilt for Operating a Vehicle without a Valid Operator's License, in violation of Title 18 United States Code § 13 and Revised Code of Washington § 46.20.015.that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts can be used as a basis for making findings and entry of judgment per the terms of this Agreement.

On August 28, 2014, the Defendant, Alan J. Zunke, was driving a green Dodge Caravan with license plates 673AF at the VA Medical Center at 4815 N. Assembly Street, Spokane, WA 99205. The vehicle's right rear brake light was inoperable. The Defendant was subject to a law enforcement stop and was asked by the federal officer conducting the stop to produce a valid driver's license. The Defendant was unable to produce a valid driver's license and stated to the federal officer that he used to have a driver's license, but that it was revoked, and that he no longer had a driver's license.

## ACCEPTANCE OF PRE-TRIAL DIVERSION AND STIPULATION OF FACTS

The Defendant hereby:

1. Agrees to complete the terms and conditions of this Agreement.

2. Understands that if he fails or neglects to comply with any part of the terms and conditions of the Agreement, then the Court will hold a hearing to determine whether judgment should be entered on the charge of Operating a Vehicle without a Valid Operator's License, in violation of Title 18 United States Code § 13 and Revised Code of Washington § 46.20.015. After the hearing, the Court will either order that the Defendant continue with the conditions of his pre-trial diversion, order additional conditions, or be removed from pre-trial diversion and enter judgment on the charge of Operating a Vehicle without a Valid Operator's License, in violation of Title 18 United States Code § 13 and Revised Code of Washington § 46.20.015.

3. Agrees that if the Court revokes the order granting this pre-trial diversion, the facts from the factual background above and any written officer reports and any attachment thereto will be admissible as evidence to be used to support a finding of guilt when the Court enters judgment. The Defendant understands that by agreeing to this process, he is giving up certain Constitutional rights. He specifically acknowledges that he is giving up the right to a trial, the right to testify or not to testify, the right to question witnesses, the right to call witnesses in his own behalf, and the right to present evidence or a defense;

4. Understands that he is entitled to a trial that would determine whether the United States could prove him guilty of the instant charge beyond a reasonable doubt. He does hereby, voluntarily and with knowledge of the above rights, waive his right to a trial of this case by the Court pursuant to paragraph three (3) above;

5. Agrees to report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington through

the Federal Defenders of Eastern Washington and Idaho within one (1) business day of the potential violation.

CONDITIONS OF UNSUPERVISED PRE-TRIAL DIVERSION

The Defendant must abide by the following conditions and requirements:

1. The Defendant must fulfill his obligation under violation number 4439178 (a separate collateral violation charged to the Defendant) by paying a forfeiture amount of five-hundred seventy-five dollars ($575.00) payable by check or money order to the Central Violations Bureau, P.O. Box 71363, Philadelphia, PA 19176-1363 (or payable online at www.cvb.uscourts.gov). The payment must reference violation number 4439178 and may be paid in installments of no less than twenty-five ($25.00) dollars.

2. In lieu of up to five-hundred fifty ($550.00) of the five-hundred seventy-five dollar ($575.00) forfeiture amount, the Defendant may complete volunteer hours at the rate of one hour per ten-dollars ($10.00) until the Defendant has volunteered for up to 55 hours. The Defendant must pay his remaining forfeiture amount and complete all volunteer hours by March 24, 2016.

3. Within seven (7) days of the final working day of each month, the Defendant must provide the United States Attorney's Office of the Eastern District of Washington, through his attorney, written documentation of his monthly volunteer hours. This documentation should include the name of the organization for which he volunteered, including the contact information and signature of his supervisor; however, no verification is due after the Defendant has volunteered and reported 55 hours, nor in any month in which the Defendant did not perform volunteer hours.

4. The Defendant shall complete these community service hours at a 501(c)(3) organization with which neither he nor his immediate family has any past or current affiliation.

5. The Defendant shall not violate nor be charged with or convicted of any criminal violations under federal, state, or local law before this cause is dismissed without prejudice, or judgment is entered, per the terms of this Agreement. Civil and Non-Criminal Traffic Infraction violations will not constitute a violation of this Agreement.

If the Defendant complies with all the obligations mentioned above, no prosecution for the conduct set out in the factual background section of this Agreement will be instituted in the Eastern District of Washington and the United States agrees to dismiss these charges without prejudice.

Should there be a violation of the terms of this Agreement, however, and the Agreement is revoked, a conviction for the charged offense may be imposed pursuant to the procedures outlined herein. If a conviction occurs, the Defendant understands he will be subject to a fine of up to two hundred fifty dollars ($250.00). This fine is determined pursuant to 18 U.S.C. § 13(a) which provides that a Defendant shall be subject to a like punishment as under the laws of the state. Revised Code of Washington § 46.30.020 provides for above-stated fine amount for two-hundred fifty dollars ($250.00). Additionally, a conviction under this offense (violation no. 4439177) will not satisfy the defendant's obligations under collateral violation no. 4439178 as noted above.

ADVICE AND ACKNOWLEDGMENT OF DEFENDANT'S RIGHTS

I, ALAN ZUNKE, understand and acknowledge I have the following rights:

1. The right to a speedy and public trial in the place where the crime is alleged to have been committed;

2. The right at trial to question witnesses who testify against me;

3. The right at trial to call witnesses to testify for me;

4. The right to present evidence and a defense;

5. The right to appeal a judgment of guilt.

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily, waiving these rights. I further understand that by continuing these charges until March 24, 2016, I am agreeing to follow the procedures outlined in this Agreement.

I, ALAN ZUNKE, hereby state that I have read this document in its entirety. I understand the conditions of my pre-trial diversion and agree that I will comply with those conditions.

Alan Zunke
ALAN ZUNKE
Defendant

March 25, 2015
Date

Meredith Esser
Attorney for the Defendant

March 25, 2015
Date

Tyler Tornabene
Assistant United States Attorney

3-25-15
Date

Sam White
Law Clerk for the United States

3/25/15
Date

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
MAR 25 2015
SEAN F. McAVOY, CLERK
DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ALAN J. ZUNKE, Defendant. | Case No.:2:14-PO-00246-JTR<br><br>ORDER GRANTING UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT |

Upon consideration of the parties' Pre-Trial Diversion Agreement, and being fully advised of the facts and circumstances of this case, the Court finds the Defendant has agreed to comply with the terms and conditions of the Pre-Trial Diversion Agreement; that the Court finds the Defendant has acknowledged the admissibility of the stipulated facts in any criminal hearing on the underlying offense or offenses held subsequent to revocation of the order granting pre-trial diversion; that the Defendant's statements were made knowingly and voluntarily; and that the Defendant has knowingly and intelligently waived his Constitutional and statutory rights to a speedy trial, to question those witnesses against him, to call witnesses on his behalf, and to present evidence or a defense at trial.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Defendant is accepted for pre-trial diversion;

2. The Defendant shall comply with all the terms and conditions as set forth in the Pre-Trial Diversion Agreement;

3. If the Court finds that the Defendant violated any term of the Pre-trial diversion Agreement, the Court shall enter judgment pursuant to the procedures outlined in the Agreement.

HON. John T. Rodgers
United States Magistrate Judge

3-25-15
Date